UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT R. COMENOUT, SR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. WHITENER, JR., an individual, dba as WHITENER GROUP,<br><br>　　　　　Defendant. | CASE NO. C15-5054 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |

　　　　This matter comes before the Court on Plaintiff Robert Comenout, Sr.'s ("Comenout") motion for a preliminary injunction (Dkt. 2) and Defendant Robert Whitener's ("Whitener") motion to dismiss (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motions, oral arguments, and the remainder of the file and hereby grants Whitener's motion and denies Comenout's motion as moot.

ORDER - 1

# I. PROCEDURAL HISTORY

On January 22, 2015, Comenout filed suit against Whitener. Dkt. 1 ("Comp."). Comenout alleges the following claims: (1) RICO violations; (2) malicious harassment, outrage, and intended trespass; (3) civil conspiracy; and (4) civil trespass. *Id.* ¶¶ 25–42. Comenout seeks injunctive relief preventing Whitener from removing Comenout's business property and from taking over Comenout's business. *Id.* Comenout also seeks monetary damages related to Whitener's interference with his business. *Id.*

That same day, Comenout moved for a temporary restraining order and a preliminary injunction. Dkt. 2. On January 23, 2015, the Honorable Ronald B. Leighton, United States District Judge, denied the motion for a temporary restraining order and scheduled a preliminary injunction hearing. Dkt. 7. On January 30, 2015, the case was reassigned to this Court. Dkt. 16. Comenout's preliminary injunction motion remained pending. *Id.*

On February 5, 2015, Whitener moved to dismiss. Dkt. 19. On February 11, 2015, Comenout responded. Dkt. 21. On February 25, 2015, Whitener replied. Dkt. 24.

On February 12, 2015, the Court held a hearing. Dkt. 22.

# II. FACTUAL BACKGROUND

Comenout resides on a parcel of land located in Puyallup, Washington. Comp. ¶ 17. The United States holds the land in trust for the thirteen owners of the allotment, one of whom is Comenout. *Id.*; Dkt. 12, Declaration of Rob Roy Smith ("Smith Dec."),

Ex. A at 20, 47.[1] Comenout has operated a convenience store on the property for many years. Comp. ¶ 2.

On November 1, 2014, some of the landowners entered into a business lease for the property with the Quinault Indian Nation ("Nation"). Smith Dec., Ex. A at 20. Pursuant to the lease, the owners are the lessors and the Nation is the lessee. *Id.* Comenout did not consent to the lease. *Id.* at 43.

Under the terms of the lease, the Nation "shall use the Premises for the following specific purposes: retail sales of cigarettes and retail sales of other convenience store products, but specifically excluding the sale of marijuana and the sale of fireworks." *Id.* at 21. The lease also includes an arbitration provision, which provides in relevant part as follows: "[The Nation] grants to Lessor a limited waiver of its sovereign immunity to be sued under this Contract . . . The claim [must be] resolved by following the arbitration provisions set forth in Section 28." *Id.* at 35.

On November 20, 2014, the Bureau of Indian Affairs ("BIA") approved the lease, thereby making it legally effective. *Id.* at 46; 25 C.F.R. § 162.442(a). On December 23, 2014, Comenout appealed the lease to the Regional Director of the BIA. Comp. ¶ 16.

---

[1] Exhibit A includes a copy of the business lease between the Nation and the landowners. *See* Smith Dec., Ex. A at 19–47. Generally, the scope of review on a motion to dismiss is limited to the contents of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court, however, may consider documents that are not attached to the complaint "if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (internal quotation marks omitted). Comenout references the lease throughout his complaint. *See* Comp. ¶¶ 9–13, 16. Because Comenout's complaint necessarily relies on the lease, the Court will consider it.

1   On January 9, 2015, Whitener posted a sign on the property. *Id.* ¶ 15. The sign
2   directs Comenout to remove his personal and commercial property from the allotment:

> This property is leased to the Quinault Indian Nation—as of January 31 all personal or other property must be removed from this parcel. Only limited personal property may remain for Robert Comenout and his immediate family. This notice includes personal goods, commercial goods, cars, and trailers. Any property remaining on this site will be impounded or moved. For questions or concerns contact Tessa, [The Whitener Group] at 360 688 1004.

*Id.* Whitener is the manager of The Whitener Group, a consulting firm that advises Indian tribes. *Id.* ¶ 6.

## III. DISCUSSION

**A.   Motion to Dismiss**

Whitener moves to dismiss Comenout's suit under Federal Rule of Civil Procedure 12(b)(7) for failure to join the Nation as an indispensible party. Dkt. 19.

**1.   Standard**

Under Rule 12(b)(7), a defendant may move to dismiss an action for failure to join an indispensible party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). Rule 19, in turn, "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensible party." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). First, the Court must determine whether the absent party is "necessary." *Id.* If the absent party is necessary, the Court next considers whether joinder is "feasible." *Id.* Finally, if joinder is not feasible, the Court must decide whether the absent party is "indispensable." *Id.* "The moving party has the burden of persuasion

ORDER - 4

in arguing for dismissal." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

**2. Failure to Join an Indispensible Party**

Whitener argues that Comenout's claims should be dismissed because Comenout has failed to join the Nation. Dkt. 19. Whitener contends that Comenout's claims implicate the interests of the Nation, but the Nation cannot be joined because of its sovereign immunity. *Id.* at 2.

**a. Necessary Party**

The Court first must determine whether the Nation is a necessary party. *Bowen*, 172 F.3d at 688. Under Rule 19(a), "a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the party's presence, or (2) when the absent party claims a legally protected interest in the action." *Id.*

Although Whitener is the defendant in this action, the real party in interest is the Nation. *See* Comp. ¶ 3 ("The Quinault Nation has no jurisdiction [over] the site."); *id.* 9–13 (discussing the business lease with the Nation); *id.* ¶ 32 ( "Whitener has conspired with members of the [Q]uinault Indian Nation, their attorneys and others to remove Plaintiff and his family" from the property and "close down any economic activity on the site by Plaintiff"); *id.* ¶ 35 (alleging that Whitener has engaged in a conspiracy with "the Quinault Indian Nation, to create an economic development enterprise that would sell competing products at the same site . . . .").

Accordingly, Comenout cannot be accorded complete relief in the Nation's absence. Comenout seeks injunctive relief preventing Whitener from removing

Comenout's business property and from taking over Comenout's business.  The Nation, however, would not be bound by such an injunction.  Thus, the Nation could still attempt to enforce its rights to use the property for commercial purposes under the lease. Additionally, the Nation has a legal interest in this litigation.  The Nation is a party to the lease, and the instant litigation threatens to impair the Nation's contractual interests under the lease.  For these reasons, the Court finds that the Nation is a necessary party under Rule 19(a).

### b. Feasibility to Join Party

Having determined that the Nation is a necessary party, the Court next must determine whether the Nation can be joined in this suit.  *Bowen*, 172 F.3d at 688. "Generally, a necessary non-party will be joined as a party."  *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1499 (9th Cir. 1991) (citing Fed. R. Civ. P. 19(a)).  "Indian tribes, however, are sovereign entities and are therefore immune from nonconsensual actions in state or federal court."  *Id.*  Thus, the Nation can only be joined if it has expressly waived its immunity to Comenout's suit.  *See Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991).

Comenout argues that the Nation waived its immunity under the terms of the lease. Dkt. 21 at 11–12.  The lease contains a limited waiver of the Nation's sovereign immunity to arbitration with the lessors for disputes that arise under the lease.  Smith Dec., Ex. A at 35 ("[The Nation] grants to Lessor a limited waiver of its sovereign immunity to be sued under this Contract . . . . The claim [must be] resolved by the following arbitration procedures set forth in Section 28.") .

1     "It is settled that a waiver of [tribal] immunity cannot be implied but must be

2 unequivocally expressed." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

3 Here, the lease does not unequivocally indicate that the Nation waived its immunity to

4 Comenout's suit. Under the terms of the lease, the Nation's waiver of immunity only

5 extends to the arbitration of landowner's claims pursuant to the lease. *See* Smith Dec.,

6 Ex. A at 35. Because the Nation has not waived its sovereign immunity to be sued by

7 Comenout in federal court, the Court concludes that the Nation cannot be joined in this

8 action.

9             **c.    Indispensible Party**

10     The Nation is a necessary party that cannot be joined due to its tribal sovereign

11 immunity. Accordingly, the Court must determine whether the Nation is an indispensible

12 party. *Bowen*, 172 F.3d at 688.

13     "A party is indispensible if in 'equity and good conscience,' the court should not

14 allow the action to proceed in its absence." *Dawavendewa v. Salt River Project Agric.*

15 *Improvement & Power Dist.*, 276 F.3d 1150, 1161 (9th Cir. 2002) (citing Fed. R. Civ. P.

16 19(b)). To make this determination, the Court balances four factors:

17
> (1) the prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not
18   complete, can be awarded without the absent party; and (4) whether there exists an alternative forum.

19 *Id.* at 1161–62.

20     The Nation is an indispensible party under Rule 19(b). As discussed above, a

21 judgment in Comenout's favor would prejudice the Nation's contractual rights under the

22

lease. Comenout also cannot be accorded complete relief in the Nation's absence because any injunction would not be binding on the Nation. Further, the relief sought by Comenout cannot be shaped to lessen the potential prejudice to either Comenout or the Nation. Partial relief is also inadequate, because the Nation could still attempt to enforce its rights to use the property for commercial purposes as the lessee.

In regards to alternative forums, Whitener's counsel noted during oral argument that Comenout could potentially pursue some of his grievances through the lease's arbitration provision. Comenout has also appealed the lease to the Regional Director of the BIA. Although it is unclear whether there is truly an alternative forum available to protect Comenout's due process rights, the "lack of an alternative forum does not automatically prevent dismissal of suit." *Makah Indian Tribe*, 910 F.2d at 560. In any event, the Court finds that the Nation's interest in maintaining its sovereign immunity outweighs Comenout's interest in litigating his claims. *See Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1460 (9th Cir. 1994) ("Plaintiff's interest in litigating a claim may be outweighed by a tribe's interest in maintaining its sovereign immunity.").

Given the Rule 19(b) factors discussed above, the Court concludes that the Nation is an indispensible party. The Court therefore grants Whitener's motion to dismiss.

**B.     Motion for Preliminary Injunction**

Having granted Whitener's motion to dismiss, the Court denies Comenout's motion for a preliminary injunction as moot. The Court, however, notes that Comenout did not establish that he was likely to succeed on the merits. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must

1  establish that he is likely to succeed on the merits . . . ."). The Nation appears to have a

2  facially valid lease to occupy the property for business purposes. *See* Smith Dec., Ex. A

3  at 19–47. More than sixty percent of the ownership interests in the property consented to

4  the lease. *Id.* at 16, 36; 25 C.F.R. § 162.012(a)(1). The BIA approved the lease, thereby

5  making it legally effective. Smith Dec., Ex. A at 46; 25 C.F.R. § 162.442(a). Although

6  Comenout did not consent to the lease and subsequently appealed it, the lease is still

7  binding on him in the interim. 25 C.F.R. § 162.012(a)(4)(i) ("[The] lease document binds

8  all non-consenting owners to the same extent as if those owners also consented to the

9  lease document."); *id.* § 162.442(a) ("A business lease will be effective on the date that

10 [the BIA] approve[s] the lease, even if an appeal is filed . . . .").

## IV. ORDER

Therefore, it is hereby **ORDERED** that Whitener's motion to dismiss (Dkt. 19) is **GRANTED** and Comenout's motion for a preliminary injunction (Dkt. 2) is **DENIED as moot**. The Clerk shall close this case.

Dated this 3rd day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 9