UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT R. COMENOUT, SR., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT W. WHITENER, JR., an individual, dba as WHITENER GROUP, <br><br> Defendant. | CASE NO. C15-5054 BHS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING AS MOOT PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff Robert Comenout, Sr.'s ("Comenout") motion for reconsideration (Dkt. 27) and motion for leave to file an amended complaint (Dkt. 28). The Court has considered the pleadings and the remainder of the file and hereby denies the motion for reconsideration and denies as moot the motion for leave to file an amended complaint.

**I. PROCEDURAL HISTORY**

On January 22, 2015, Comenout filed suit against Defendant Robert Whitener ("Whitener"). Dkt. 1. Comenout sought injunctive relief preventing Whitener from

1 | removing Comenout's business property and from taking over Comenout's business. *Id.*

2 | Comenout also sought monetary damages related to Whitener's interference with his

3 | business. *Id.* That same day, Comenout moved for a preliminary injunction. Dkt. 2.

4 | On February 5, 2015, Whitener moved to dismiss Comenout's suit for failure to

5 | join the Quinault Indian Nation ("Nation") as an indispensible party. Dkt. 19. On March

6 | 3, 2015, the Court granted Whitener's motion. Dkt. 25. The Court also denied

7 | Comenout's motion for a preliminary injunction as moot. *Id.*

8 | On March 13, 2015, Comenout filed a motion for reconsideration and a motion for

9 | leave to file a second amended complaint. Dkts. 27, 28.

## II. DISCUSSION

11 | Comenout moves for reconsideration, arguing that the Court committed manifest

12 | error when it determined that the Nation is an indispensible party. Dkt. 27. According to

13 | Comenout, complete relief can be obtained in the Nation's absence because the Nation

14 | has admitted that it will not seek self-help. *Id.* at 2.

15 | Motions for reconsideration are governed by Local Rule 7(h), which provides as

16 | follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h)(1).

Comenout fails to establish that the Court committed manifest error. In his motion, Comenout focuses on whether complete relief can be obtained in the Nation's

absence.  Comenout, however, fails to address the other factors under Federal Rule of Civil Procedure 19.  In its order, the Court thoroughly discussed all of the Rule 19 factors and concluded that dismissal was appropriate because the Nation is an indispensible party.  Nothing in Comenout's motion shows that the Court committed manifest error in exercising its broad discretion and weighing the conflicting interests in this case.  *See Bakia v. Cnty. of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982) ("Rule 19 gives a trial court considerable discretion and requires that several conflicting interests be balanced on a case-by-case basis.").

### III. ORDER

Therefore, it is hereby **ORDERED** that Comenout's motion for reconsideration (Dkt. 27) is **DENIED** and Comenout's motion to file an amended complaint (Dkt. 28) is **DENIED as moot**.

Dated this 16th day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge